I respectfully disagree with the analysis and disposition of the majority regrading the issue of double jeopardy. I agree that the initial sanction issued for the March 11, 1997, contempt action made the contempt action civil in nature. The sanction was intended to coerce compliance with child support orders. The sanction was for failure to pay child support previously ordered by the court. However, I would find that the suspended jail sanction became criminal in nature when it was imposed on the appellant. It was meant to punish the appellant for his failure to pay child support ordered prior to March 11, 1997. Appellant was given a chance to stay out of jail and avoid a criminal sanction, but he did not take advantage of that chance.
In other words, the initial sanction of a suspended jail sentence was not meant to punish the appellant, but the imposition of the suspended sentence was meant to punish the appellant.
The indictment alleged that appellant had failed to pay child support as established by court order for more than 26 out of 104 consecutive weeks, said weeks ran from November 1, 1996, to October 31, 1998.
Therefore, I would find that the appellant was twice put in jeopardy for failing to pay child support for the time period between November 1, 1996, to March 11, 1997, when the contempt was filed.
 ____________________________ JUDGE JULIE A. EDWARDS, P.J.